UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CIVIL ACTION NO. 09-235-KSF

MARCIA SMITH &                                 PLAINTIFF
STEPPING STONE GERMAN SHEPARD RESCUE, INC.

V.                         **OPINION & ORDER**

BOURBON COUNTY ANIMAL CONTROL,                     DEFENDANTS
JESSIE FLORENCE, individually and in his capacity as
an officer of Bourbon County Animal Control &
PARIS ANIMAL WELFARE SOCIETY, INC.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the motion of the defendant, Paris Animal Welfare Society, Inc. ("PAWS"), to dismiss the claims against it [DE 2]. The plaintiffs, Marcia Smith and Stepping Stone German Shepard Rescue, Inc. (collectively, "Plaintiffs") did not respond to the PAWS' motion and the response time has expired. The Court, having reviewed the record and being otherwise sufficiently advised, will grant the motion.

It is well established that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "All factual allegations are deemed true and any ambiguities must be resolved in plaintiff's favor." *Persian Galleries, Inc. v. Transcontinental Ins. Co.*, 38 F.3d 253, 258 (6th Cir. 1994). The plaintiff must assert more than bare legal conclusions. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting

all the material elements to sustain a recovery under some viable legal theory.' " *Id.* (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). In short, the issue when considering this motion to dismiss is not whether the plaintiff will ultimately prevail, but rather, whether she is entitled to offer evidence in support of her claims.

Plaintiffs filed this action seeking relief under 42 U.S.C. § 1983. To state a claim against a defendant pursuant to § 1983, the defendant must have deprived the plaintiff of a right guaranteed under the laws of the United States and such deprivation must be "under color of law." *Watson v. Kenlick Coal Co., Inc.*, 498 F.2d 1183, 1185 (6th Cir. 1974). The "under color or law" element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999). According to the Complaint, PAWS is a not-for-profit corporation and the Complaint is void of allegations that PAWS operated in any way that would make it a "state actor." Thus, Plaintiffs failed to state a claim pursuant to § 1983.

Accordingly, **IT IS ORDERED** that the motion of the defendant, Paris Animal Welfare Society, Inc., to dismiss the claims against it is **GRANTED**. The claims against PAWS shall be **DISMISSED WITH PREJUDICE**.

This 6th day of August, 2009.



Signed By:

*Karl S. Forester*  KSF
**United States Senior Judge**